**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

INFERNAL TECHNOLOGY, LLC, a Texas
Limited Liability Company, and
TERMINAL REALITY, INC., a Texas
Corporation,

        Plaintiffs,

        v.

TAKE-TWO INTERACTIVE SOFTWARE,
INC., a Delaware Corporation,

        Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
Civ. No. 1:19-cv-09350 FILED: ___1-29-20___

**[PROPOSED] PROTECTIVE ORDER**

WHEREAS, Plaintiffs Infernal Technology, LLC and Terminal Reality, Inc. and Defendant Take-Two Interactive Software, Inc. (hereafter collectively referred to as "the Parties," or "Party" when referring to one side) believe that certain information that will likely be encompassed by discovery demands by the Parties discloses or reflects trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek the entry of a protective order to limit the disclosure of any such information in accordance with Federal Rule of Civil Procedure 26(c);

THEREFORE, it is hereby stipulated among the Parties and **ORDERED** that:

1.    Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material. Each party may also designate as "Protected Data" any information that a Party or Non-Party reasonably believes to be subject to

federal, state, or foreign Data Protection Laws or other privacy obligations (including, without limitation, The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); The Health Insurance Portability and Accountability Act ("HIPAA") and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data, also known as the General Data Protection Regulation ("GDPR")). In this stipulated order, the foregoing documents, information, and materials are referred to as "Protected Material." Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information, or material as follows: "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," OR "RESTRICTED CONFIDENTIAL SOURCE CODE." The appropriate legend or stamp shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. If a document produced in this litigation has been produced in another litigation with a different legend or stamp, that document does not have to be relabeled but can be produced according to the labeling protocols set forth in the applicable protective order in that other case. No party waives its rights to challenge earlier designations. "For deposition and hearing transcripts, the appropriate legend or stamp shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript.

**PROTECTIVE ORDER** **Page 2**

2.    Any document produced under Patent Rules 6 or 7 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.    With respect to documents, information, or material designated "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing, or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.    A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE ATTTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

**PROTECTIVE ORDER**                                                                          **Page 3**

time. Inadvertent or unintentional production of documents, information, or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon.

5.     "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 13 herein:

   (a)    outside counsel of record in this Action for the Parties, including the partners, members, associates, and contract attorneys of such counsel;

   (b)    employees or other members of the staff of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

   (c)    in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action and legal support staff assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

   (d)    up to and including three (3) designated representatives of each of the Parties who are officers or employees of a Party, to the extent reasonably necessary for the litigation of this Action and identified in writing to the other Party at least three business days in advance, except that either party may in good faith request the other Party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

**PROTECTIVE ORDER**                                                                    **Page 4**

(e) outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with the following materials:

   i. a current curriculum vitae of the consultant or expert, identifying the consultant's or expert's current employer and his or her employers in the past four years;
   ii. a list of all cases in which the consultant or expert has worked in the past four years; and
   iii. a list that identifies each person or entity for which the consultant or expert has consulted during the last four years;

   such information will be provided to the producing Party at least ten calendar days before access to the Protected Material is to be given to that consultant to allow the producing Party to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within 15 days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f) independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action, and mock jurors, provided they are only exposed to DESIGNATED MATERIAL during the course of a mock exercise and separately sign onto this Order and agree to be bound by its terms prior to the mock exercise. Mock jurors signing this Order need not be disclosed to the producing Party; and

(g) the Court and its personnel and the jury as well as any mediator who is assigned to hear this matter, and his or her staff, ~~subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.~~ 

6. A Party shall designate documents, information, or material only upon a good faith belief that the designation for the documents, collection of documents, information, or material is appropriate as set forth in this Order.

7.  Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the receiving Parties and other receiving persons authorized to access DESIGNATED MATERIAL under this Order only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.  To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED -- ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code, associated comments and revision histories, formulas, and/or live data (that is, data as it exists residing in a database or databases) that define, reveal, or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which would create a substantial risk of serious harm that could not be avoided by less restrictive means ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE." Source Code Material does not include any narrative description of the functionality outside of computer

**PROTECTIVE ORDER**                                                        **Page 6**

source code, associated comments and revision histories, formulas, and live data of any Accused Game or Accused Game Engine.

9.  For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-c) and (e-g); provided, however, that access by in-house counsel pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client. In addition, the Producing Party may also designate materials "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY" if the disclosure of such materials to the Receiving party's in-house counsel (a) would violate the contractual confidentiality obligations or rights of the Producing Party or a third party to whom the Producing Party owes such obligations, or (b) is considered highly sensitive and confidential by the Producing Party and it is not reasonably necessary for the Receiving Party's in-house counsel to have access to such material in order to manage the litigation. The disclosure of material designated "RESTRICTED – OUTSIDE ATTORNEYS ONLY" is limited to individuals listed in paragraphs 5(a-b) and (e-g).

10. For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply, unless the producing Party and the receiving Party agree otherwise. Once a producing Party makes its Source Code available and upon the receiving Party's written notice at least four business days in advance, Source Code shall be made available according to the following:

    (a) Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet). The stand-alone computer(s) may not be connected to a printer for any purpose (printouts shall be requested from the Producing Party as specified in 10(h and i) below). The stand-alone computer(s) shall have an external mouse and an additional monitor both to

**PROTECTIVE ORDER** Page 7

be provided by or at the expense of the Receiving Party. The stand-alone computer(s) will be placed in a secured room at the corporate offices of the Producing Party, at the office of the Producing Party's outside counsel, or other location as agreed upon by the Parties. The Producing Party shall make its best effort to make a breakout room available within a reasonable distance to the secured room where the Receiving Party may use the Internet and personal electronic devices. No recordable media, recordable devices, computers, cell phones, or other electronic devices may be brought into the secured room. The Producing Party shall also be entitled to have a person who is not an attorney visually monitor, from outside of the secured room, the Receiving Party's actions in the secured room to ensure compliance with the provisions of this Order governing source code provided, however, that said person shall not be permitted to view, from outside the secured room, the screen of the standalone computer, shall not be permitted to view any work product generated by the receiving Party's representative(s), and shall not be permitted to monitor the Receiving Party's actions outside of the secured room;

(b)     The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 9:30 a.m. through 6:00 p.m. local time. However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the confidentiality of the producing Party's Source Code Material shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d)     The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(e)     Access to Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE (i.e. "Source Code Material") shall be limited to outside counsel and their employees as defined by paragraphs 5(a) and 5(b) above, and up to four outside consultants or experts (but not affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Source Code Material pursuant to paragraph 5(e) above, court reporters who have agreed to keep the material confidential under the terms of this Order, any mediator appointed in this case who has agreed to keep the material confidential under the terms of this Order and the Court. Any such expert or consultant shall access the Source Code Materials in the United States only, and shall not transport them to or access them

from any foreign jurisdiction. A receiving Party may include, in as limited an amount as reasonably possible, excerpts of Source Code Material in an expert report, infringement contentions, discovery document, deposition transcript, or document filed with the Court, provided that the document containing source code ("Source Code Document" is appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders and the following procedure: A receiving Party that intends to file or otherwise submit to the Court any Source Code Material in connection with a filing may, no earlier than 72 hours prior to the relevant filing, make only as many copies, and only of the specific pages as needed, for submission to the Court and shall file any and all such copies of the materials with an application to file under seal. Unless agreed to by the producing Party, images or copies of source code shall not be included in correspondence between the parties;

(f)     To the extent portions of Source Code Material are quoted in a Source Code Document, (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(g)     No written or electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as expressly provided in this Order and as necessary to create documents which, pursuant to the Court's rules, procedures, and order, must be filed or served electronically;

(h)     The receiving Party shall be permitted to request from the producing Party a reasonable number of printouts of Source Code Material, which, at the present time, shall be limited to 250 pages per Accused Game, with no contiguous block greater than 35 pages on 8.5" x 11" paper based upon an assumed font size of Courier 12pt, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE." The receiving Party may request to print additional pages beyond the aforementioned limits and the Parties will meet and confer in good faith regarding such a request. The producing Party shall provide a printer with Bates-numbered paper with the legend "RESTRICTED CONFIDENTIAL SOURCE CODE" such that the receiving Party can print the source code during the review. After the receiving Party has completed its review and printing for the day, the receiving Party shall provide the print-outs to the producing Party for review. Within three business days of the receiving Party's print out request, the producing Party shall either (1) object to print-out request, in whole or in part, as not in compliance with this order, or (2) provide to the receiving Party two copies of the requested print-outs to the extent not objected to. If the producing Party has any objection to producing the requested print-outs, the producing Party must object in writing and providing the specific ground(s) for the objection. If no resolution can be reached, the producing Party must file a motion

for a protective order with the Court no later than five business days from receiving the print-outs from the receiving Party.   Any pages of Source Code Material the receiving Party requests be printed and to which the producing party does not object to producing shall be counted towards the page limitation set forth above. The receiving Party's outside consultants shall be given one of the two printed copies to keep in their possession during the pendency of any source code review, including evenings and weekends, for the purposes of preparing pleadings, exhibits, expert reports, infringement contentions, discovery documents, or other litigation material.   The producing Party shall retain a copy of the printouts provided to the receiving Party.  The receiving Party shall be permitted to request that the producing party print the folder structures, if any, containing the Source Code Material, including the filenames contained therein.  Such printout of the folder structure shall be clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and such printout shall not count against the aforementioned page limits.

(i)     The receiving Party shall maintain a log of all paper copies of the Source Code including the names of the custodian(s) or location(s) where the paper copies are stored when the paper copies are not in use. No more than a total of ten individuals (including but not limited to all administrative personnel) identified by the receiving Party shall have access to the printed portions of Source Code (except insofar as such code appears in any court filing or expert report). The receiving Party shall provide a copy of this log to the producing Party in the event of a breach by receiving Party of any of the Source Code specific provisions of the Protective Order.

(j)     Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer(s) containing Source Code. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States or, by the government of the United States. Access to the secure room or the Source Code Computer(s) may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification until such proper identification is provided. The producing Party may maintain a Source Code Access Log identifying, for each and every time any Source Code is viewed or accessed at the secure location: (1) the name of each person who accessed the Source Code; (2) the date and time of access; (3) the length of time of access; and (4) describing any photocopying or printing of Source Code (e.g. what was printed, how many copies, etc.).

(k)     If the receiving Party's outside counsel, consultants, experts, or any other authorized person obtain printouts or photocopies of Source Code Material or notes, the receiving Party shall ensure that such outside counsel, consultants, experts, or person keeps the printouts or photocopies in a secured locked area. The receiving Party may also temporarily keep the printouts or photocopies in a secured location under lock and key at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites

**PROTECTIVE ORDER**                                                              **Page 10**

where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any secure intermediate location reasonably necessary to transport the printouts or photocopies; and

(l)     A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper via secure and reliable hand carry. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet except as provided in paragraph 10(e) above and as necessary to create documents which, pursuant to the Court's rules, procedures, and orders, must be filed or served electronically.

11.     The producing Party shall install a reasonable number of non-redundant commercially available software tools of the receiving Party's choice for viewing and searching Source Code on the secure computer(s) containing Source Code at the requested date and time of inspection. The receiving Party shall ensure that such software tools are in compliance with all of the terms, conditions and protections herein, and that the receiving Party shall possess an appropriate license to such software tools. The receiving Party shall confirm that such software tools are reasonably necessary for the receiving Party to perform its review of the Source Code, and the producing Party shall approve the installation of such software tools (such approval not to be unreasonably withheld). The software tools installed for reviewing source code may not be used to circumvent the protections of this Protective Order in any way. In no event shall the receiving Party use said software tools to compile the source code or otherwise attempt to execute the source code. At least five business days in advance of the inspection, the receiving Party must provide the producing Party with the software tool(s) either via a CD or DVD containing such software tool(s) or directions for downloading the software tool(s). The receiving Party is responsible for the cost of and for obtaining any necessary licenses for any such software tool(s). The software

tool(s) provided by the receiving Party shall not be modified by the producing Party prior to or after installation.

12. The producing Party may not configure its Source Code in a manner that unreasonably impedes or slows the receiving Party's ability to inspect the Source Code or allows the producing Party to monitor the receiving Party's inspection (e.g., key logging, video capture, in-person monitoring, etc.). The receiving Party's Outside Counsel and retained experts or consultants otherwise allowed to view Source Code shall be entitled to take notes relating to the Source Code provided, however, that no one may copy more than ten contiguous lines of Source Code into said notes and any Source Code included in said notes shall be treated as Highly Confidential-Source Code Material. In addition to the Source Code Computer, the producing Party shall make available a Notetaking Computer for purposes of enabling the receiving Party's outside counsel and/or experts to take notes relating to the Source Code. The receiving Party shall be entitled to print such notes at the conclusion of each day. No provision in this section gives the producing Party the right to inspect or review any notes and/or other work product of the receiving Party. However, if the producing Party has good cause to believe that the provisions of this Protective Order have been violated, then the producing Party may request that the Court conduct an *in-camera* review of said notes.

13. The parties agree that productions of certain DESIGNATED MATERIAL may require additional safeguards pursuant to Federal, State, or foreign statutes, regulations, or privacy obligations and will meet and confer to implement these safeguards if and when needed.

14. Absent written consent from the producing Party, any individual who receives, on behalf of a receiving Party, a Party's Protected Material that is designated RESTRICTED --

ATTORNEYS' EYES ONLY, RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY, and/or RESTRICTED CONFIDENTIAL SOURCE CODE containing technical information of a producing Party's current or future product or service (collectively "HIGHLY SENSITIVE MATERIAL") shall not prepare, prosecute, supervise, assist, or otherwise be involved in the preparation or prosecution of any patent application pertaining to deferred lighting and shadow rendering (including as described in the patents-in-suit) during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, the Parties shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or any acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to deferred lighting and shadow rendering (including as described in the patents-in-suit). Nothing in this paragraph shall prevent any attorney or person associated with a receiving Party that has received another party's or non-party's HIGHLY SENSITIVE MATERIAL from participating in any way in any post-grant patent proceedings (e.g., reexamination, *inter partes* review, post-grant review, and/or the transitional program for covered business method patents) that is instituted or sought to be instituted challenging the validity of any patents; however, said attorney or person may not assist the Party owning the challenged patent in drafting, amending, or proposing for substitution to the PTO patent claims in said post-grant proceeding(s).

15. Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information, or

**PROTECTIVE ORDER** **Page 13**

other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity are inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity in this or any other federal, state, or other proceeding. Any Party that inadvertently or unintentionally produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information, or other material by notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material. The recipient(s) shall gather and return all copies of such documents, information, or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

16. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties and all persons authorized to have access to DESIGNATED MATERIAL are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities. This Order does not restrict the producing Party's rights as to its own DESIGNATED MATERIAL.

17. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with

**PROTECTIVE ORDER**                                                                 **Page 14**

the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, someone who has, in the ordinary course of business, seen such DESIGNATED MATERIAL; (iv) a current or former officer, director, or employee of the producing Party or a current or former officer, director, or employee of a company affiliated with the producing Party; or (v) another person entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court. Notwithstanding the foregoing, a receiving Party that intends to use any Source Code Material, or other documents or things designated as "RESTRICTED CONFIDENTIAL SOURCE CODE," at a deposition may, no earlier than 72 hours prior to any such deposition, make only as many copies, and only of the specific pages, as it intends to actually use at the deposition. For any RESTRICTED CONFIDENTIAL SOURCE CODE material used as a deposition exhibit, the exhibit shall be identified on the record, by Bates number or otherwise. At the conclusion of the deposition, the producing Party may retain the original of any Source Code Material marked as exhibit to the deposition and will provide it upon return of the witness and court reporter in the event of a multiple-day deposition. Upon receipt of the deposition transcript, the producing party will review the transcript for accuracy, including source code material, to ensure clarity of the record. The receiving party may retain a copy of any Source Code Material marked as exhibit to the deposition (and any working copies of such material) so long as such material is secured in a confidential manner as provided elsewhere in this Order.

**PROTECTIVE ORDER**                                                    **Page 15**

18.   Parties may, at the deposition or within 30 days after receipt of a deposition transcript, designate the deposition transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order.   Access to the deposition so designated shall be limited in accordance with the terms of this Order.   If not designated at the deposition, until expiration of the 30-day period, the entire deposition shall be treated as "RESTRICTED - ATTORNEY' EYES ONLY".   The designation, sealing and redaction of hearing transcripts shall be done in accordance with the Court's local rules.

19.   Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.   The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.   Exhibits to a filing shall conform to the labeling requirements set forth in this Order.   If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information, or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

20.   The Order applies to pretrial discovery. The Parties agree to meet and confer and discuss with the Court appropriate procedures to adopt or follow regarding the use of any Source Code Material at trial or during any hearing or other court proceeding regarding this action. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any

**PROTECTIVE ORDER**                                                                                      **Page 16**

information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any order issued by this Court.

21. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

22. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

23. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may claim the benefits of this Order as a producing party and the Parties shall handle and such information as provided for in this Protective Order.

**PROTECTIVE ORDER** Page 17

24. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" any documents, information, or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten days after production of such documents, information, or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

25. Within 30 days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the receiving Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request. This paragraph notwithstanding, there shall be no obligation to return, purge, or destroy DESIGNATED MATERIAL that are integrated into outside counsel's work product. Nothing in this Order requires the return or destruction of any information that is required by law to be retained or that is stored in back up/archive systems.

26. The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety

**PROTECTIVE ORDER** **Page 18**

thereof. The entry of this Order and/or the production of documents, information, and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

27. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

28. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information, and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

29. Nothing in this Order shall be construed to affect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

30. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

*This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.*

*So Ordered.*

**PROTECTIVE ORDER** *1/28/20 J.G. Koeltl U.S.D.J.* **Page 19**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| INFERNAL TECHNOLOGY, LLC, a Texas Limited Liability Company, and TERMINAL REALITY, INC., a Texas Corporation,<br><br>          Plaintiffs,<br><br>     v.<br><br>TAKE-TWO INTERACTIVE SOFTWARE, INC., a Delaware Corporation,<br><br>          Defendant. | Civ. No.1:19-cv-09350<br><br>**APPENDIX A**<br>**UNDERTAKING OF EXPERTS OR**<br>**CONSULTANTS REGARDING**<br>**PROTECTIVE ORDER** |

I, _____, declare that:

1.     My address is _____.

       My current employer is _____.

       My current occupation is _____.

2.     I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.     I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4.     Promptly upon final termination of this action, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED

**PROTECTIVE ORDER**                                                                                     **Page 1**

CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature  _____

Date  _____

**PROTECTIVE ORDER** **Page 2**